## HOLMAN, Administrator, *v.* VALLEJO.

Where, in suit to enforce a verbal contract for the sale of land—the complaint averring a balance of four hundred dollars to be due defendant when he should make a deed, and describing the land by its position with reference to adjoining tracts—a demurrer was put in, and being overruled, and defendant not answering, final judgment, by default, was entered for plaintiff—evidence being taken as to the contract before a referee—that plaintiff pay defendant three hundred dollars, the latter to make a deed of the land, which was described in the judgment by metes and bounds : *Held*, that the judgment is erroneous, both as to the amount adjudged due defendant and in describing the land by *metes and bounds ;* that the judgment should have followed the complaint in both these particulars, and that the departure is material and fatal.

The judgment must be reversed, even though the evidence taken before the referee shows the land described in the complaint and judgment to be the same. The

Holman *v.* Vallejo.

evidence was taken *ex parte*, and defendant has a right to be heard—the subject matter being the establishment of the actual boundaries of land.

On the return of the cause, plaintiff can either take judgment in accordance with the allegations of the complaint, or amend by inserting a more specific description of the property.

APPEAL from the Seventh District.

Suit for specific performance of a verbal contract for the sale of land, made between one Cooper, of whose estate plaintiff is administrator, and defendant.    The complaint, among other things, avers that the contract price which plaintiff was to pay for the land is $1,1000, and that seven hundred dollars thereof were paid to defendant by said Cooper in his lifetime ; that the land sold is " two certain pieces or parcels of land situated in the county of Sonoma, and near the town of Sonoma, and one piece or parcel, of one hundred and sixty acres, lying south of the south-west corner of section six, belonging to the estate of James Cooper, deceased, and which section six was sold to said James Cooper by the defendant during the lifetime of the said Cooper ; also one piece of forty acres, lying in the county and near the town aforesaid, adjoining the first described tract on the north, and bounded west by land owned by Granville P. Swift, east by the Cooper section six, south by the first described tract, and to run north for quantity of forty acres: in all, two hundred acres."

After the demurrer was overruled and defendant failed to answer, on motion of plaintiff, default was entered, and, so the record reads, " as the Court is unadvised as to the specific boundary of the land for which a decree of conveyance is sought, and the precise amount of money remaining due said defendant as purchase money," the case was sent to a referee " to take the testimony which may be presented as to the alleged purchase of land, the description thereof by metes and bounds, and the amount of purchase money yet due thereon," and report said testimony, with his findings, to the next term of the Court for final decree.

The referee accordingly took testimony, defendant not appearing before him, and found that defendant sold to Cooper certain pieces of land, described by metes and bounds in the report, containing two hundred acres, for the price of nine hundred dollars,

of which sum Cooper had paid six hundred dollars, leaving three hundred dollars, with interest, due defendant. This report was confirmed, and a judgment rendered that plaintiff pay defendant three hundred dollars, he to make a deed, etc., of the land, which is described by metes and bounds as in the report of the referee.

Defendant appeals.

*Geo. L. Wratten* and *John Currey*, for Appellant.

*Shattuck, Spencer & Reichert*, for Respondent.

Cope, J. delivered the opinion of the Court—Field, C. J. and Baldwin, J. concurring.

This is an action to enforce a verbal contract for the sale of lands. A demurrer to the complaint was overruled, and the defendant failing to answer, the plaintiff took judgment by default. There is no doubt of the sufficiency of the complaint; but we are of opinion that the judgment is erroneous in two particulars: First, as to the balance adjudged to be due upon the contract; and second, in relation to the description of the property. The judgment should have followed the complaint in both of these respects, and the departure is material and fatal. The defendant gets a less amount than is admitted to be due; and a conveyance is decreed by metes and bounds, instead of by the general description given in the complaint. On the latter point, the plaintiff insists that the lands are the same, and appeals to the evidence in the case to prove the correctness of his assertion. This evidence was taken *ex parte*, and we think that upon so important a matter as the establishment of the actual boundaries of the property, the defendant has a right to be heard. The lands lie in two tracts, carved out of a larger quantity owned by him, and the greatest injustice might be done by maintaining the judgment in its present form. Upon the return of the cause, the plaintiff can either take judgment in accordance with the allegations of the complaint, or amend by inserting a more specific description of the property. If a mistake has occurred in stating the amount due on the contract, an amendment may be made in that respect also.

Judgment reversed and cause remanded for further proceedings.